## Commonwealth v. Southern Express Company, Incorporated.

(Decided November 19, 1918.)

### Appeal from McLean Circuit Court.

Intoxicating Liquors—Carrier to Keep Record of Deliveries.—By subsection 3 of section 2569b Kentucky Statutes express companies and other common carriers are required to provide at each station in local option territory, a separate book and to make a record therein of all deliveries of intoxicating liquors; and to keep the record when made for inspection by the public and production as evidence in court when required; but as the statute does not prescribe what precautions shall be taken to preserve such records when made, only ordinary care is required, and the failure to keep them in a burglar-proof safe is not a violation of the statute, nor does such failure furnish evidence of the company's guilty responsibility for their loss by burglary, even though they contained material evidence of the company's violation of other provisions of the law.

C. E. SMITH and CHARLES H. MORRIS, Attorney General, for appellant.

JOE H. MILLER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The defendant, Southern Express Company, was indicted under subsection 3 of section 2569b of the Kentucky Statutes for failure to keep at its local office at Livermore, in McLean county, wherein the sale of intoxicating liquors for beverage purposes is prohibited by law, a separate book showing deliveries of intoxicating liquors at that station. Upon a trial and at the completion of the introduction of evidence for the Commonwealth, defendant's motion for a directed verdict was sustained, and upon the verdict rendered in accordance with the court's direction, a judgment was entered dismissing the indictment and the Commonwealth has appealed.

The evidence shows that the defendant, at its office at Livermore, provided the book in which were made the entries as required by the statute; that in March, 1917, the defendant's office was forcibly entered in the night time and this book stolen; that a new book was immediately provided, and a record made therein of all subsequent deliveries of intoxicating liquors as required by

the statute; and that on the night of July 19, 1917, the office was again broken into and the second book stolen; that these books during the daytime were kept in the defendant's office, upon the tables and desks therein, and that at night they were usually, though not always, placed upon the cabinet in which the tickets were kept, and that they were not placed in the iron safe as might have been done; that the office was securely locked during the nighttime and that entrance into the office was effected by whoever stole the books in one instance by breaking the pane of glass in the ticket widow and upon the other occasion by breaking the window lock and raising the outside window.

It was further shown by the Commonwealth that at the time these books were removed in the manner stated, there were pending in the McLean circuit court six penal actions against the defendant; that material evidence for the Commonwealth against the defendant in each of these actions was contained in these stolen books; and that the agent of the defendant had been required, by a subpoena *duces tecum* served upon him prior to July 19, 1917, to produce the books as evidence against the defendant in the trial of the pending penal actions.

It is insisted by counsel for the Commonwealth that this evidence sufficiently proved a motive on the part of the defendant for destroying this record evidence of its guilt in the pending penal actions which, in connection with the evidence of the careless manner in which it took care of the books, was some evidence of the defendant's guilty responsibility for their theft and that it had failed to keep the book as required by the law. The statute, however, does not prescribe what precautions shall be taken to preserve the record when made, and the mere fact that the books were not kept in the safe but were allowed to lie about upon the desks and tables in the office does not furnish any evidence whatever of guilty responsibility upon the part of the defendant for the proven theft in the nighttime by an unknown person in the manner described in the evidence.

The Commonwealth, therefore, not only failed to prove that the defendant's inability to produce the books upon trial was the result of either negligence or a willful failure upon its part to comply with provisions of the law, but proved conclusively that their loss was the re-

sult of burglary with which no evidence or any reasonable inference to be drawn therefrom connects the defendant or its agent. There was, therefore, in our judgment no evidence reasonably convincing that the records were suppressed by appellee's connivance as insisted by the Commonwealth, nor that their theft was the result of any negligence, criminal or otherwise, upon the part of the defendant, and the court did not err in sustaining defendant's motion for a peremptory instruction.

While this statute unquestionably required of the defendant that it should at all times provide a book for the purpose of making a record, as prescribed, of all deliveries of intoxicating liquors at its station at Livermore, which is in local option territory, and that it should exercise ordinary care to preserve the record when made for inspection by the public and production as evidence in court when required, there is nothing in the statute which requires the defendant to provide a burglar or fire proof safe or building in which to keep the record, and there is nothing in the evidence to show a failure upon the part of the defendant to exercise ordinary care for its preservation.

Wherefore, the judgment is affirmed.